IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH KEITH PADGETT,            :

    Plaintiff,            :

vs.            :   CIVIL ACTION 21-0016-CG-N

JEFFERSON S. DUNN, et al,            :

    Defendant(s).            :

REPORT AND RECOMMENDATION

Plaintiff, Joseph Keith Padgett, an Alabama inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 13). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D.Ala.Gen. LR 72(a)(2)(R) for appropriate action.   Because Plaintiff has failed to prosecute and to comply with the Court's prior orders, it is recommended that this action be dismissed without prejudice.

On June 25, 2021, the Court issued an Order directing Plaintiff to pay an initial partial filing fee in the amount of $23.12 by July 26, 2021. (Doc. 17). However, a few days after that order was docketed and mailed, the Court received a notice of change of address from Plaintiff. (Doc. 18). After determining from the Alabama Department of Corrections's online prisoner locator (http://www.doc.state.al.us/InmateSearch) that Plaintiff was incarcerated at Ventress Correctional Facility in Clayton, Alabama, the Court mailed another copy of the June 25 order to Plaintiff at that facility. That order was not returned as undeliverable.

On August 9, 2021, after receiving no response to the June 25 order, the Court granted Plaintiff an extension until September 9, 2021, to pay the partial filing fee. (*See* Doc. 20). That order was sent to the Plaintiff at Limestone Correctional Facility, in Harvest, Alabama, where the ADOC prisoner tracker indicated he was located at the time, and was not returned as undeliverable. On September 21, 2021, after still receiving no response, the Court granted Plaintiff a second extension until October 20, 2021 to pay the filing fee. (*See* Doc. 21). On October 1, 2021, the Court received notice from the Alabama Department of Corrections that the September 21 order sent to Plaintiff had been returned and marked "RELEASED ON 9/21/2021." (Doc. 22). A review of ADOC's online prisoner tracker indicates Plaintiff is no longer incarcerated by the ADOC, and to date, he has failed to update the Court with his new address or otherwise inquire about the status of this case.

Plaintiff was cautioned that his failure to comply with the Court's order and failure to keep the court informed of his address would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to his repeated failures to obey the Court's orders to pay the initial partial filing fee and to advise the Court of any change in address, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with

<u>the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."</u>  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of November, 2021.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE